IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHANNON ELKINS                                                                                  PLAINTIFF

v.                                              Case No. 4:18-cv-04115

MILLER COUNTY, ARKANSAS;
MILLER COUNTY SHERIFF'S DEPARTMENT;
RON STOVALL, individually and in his capacity
as sheriff of Miller County, Arkansas;
JESSIE GRIGSBY, individually and in his capacity
 as a Miller County deputy sheriff                                                         DEFENDANTS

## ORDER

Before the Court is Defendants' Motion to Dismiss Party.  ECF No. 6.  Defendants move to dismiss the Miller County Sheriff's Department as a party to this action pursuant to Federal Rule of Civil Procedure 41(b).[1]  Plaintiff has not responded to the motion and the time to do so has passed.  The Court finds this matter ripe for consideration.

## BACKGROUND

On August 8, 2018, Plaintiff filed her Complaint against Defendants alleging claims of sex discrimination and retaliation under Title VII of 42 U.S.C. § 1983 ("§ 1983") and the Arkansas Civil Rights Act ("ACRA").  Plaintiff was formerly employed by the Miller County Sheriff's Department as a deputy sheriff.  Plaintiff alleges that while she was employed by the Miller County Sheriff's Department she was routinely subjected to sexual harassment and discrimination because she was female.  Plaintiff further alleges that she was demoted and ultimately terminated for reporting

---

[1] The Court notes that involuntary dismissal by a defendant under Rule 41 is only available where the plaintiff has failed to prosecute its case or comply with a court order.  In the instant case, neither of these conditions is met.  Consequently, the Court construes Defendant's motion as a Motion to Dismiss for failing to state a claim against the Miller County Sheriff's Department under Federal Rule of Civil Procedure 12(b)(6).

incidents of sexual harassment and disparate treatment to her superiors and the Equal Employment Opportunity Commission.

Plaintiff named Miller County, Arkansas; the Miller County Sheriff's Department; Ron Stovall, individually and in his capacity as sheriff of Miller County, Arkansas; and Jesse Grigsby, individually and in his capacity as a Miller County deputy sheriff, as defendants in her Complaint. On October 10, 2018, Defendants filed their motion to dismiss the Miller County Sheriff's Department as a party to this action. Defendants argue that the Miller County Sherriff's Department is not a proper party because a sheriff's department is not recognized as an entity capable of suing and being sued under state law and is, therefore, not a "person" within the meaning of 42 U.S.C. §1983. Plaintiff has failed to respond to Defendant's motion and the time to do so has passed. *See* Local Rule 7.2.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must accept as true all factual allegations set forth in the complaint by the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

## DISCUSSION

Defendants argue that Plaintiff has failed to state a claim against the Miller County Sheriff's Department because a sheriff's department is not an entity amenable to suit under § 1983 or ACRA.

Under § 1983 a "person" who deprives another of their Constitutional rights while acting under the color of state law is subject to civil liability. 42 U.S.C. § 1983. Originally, the only "persons" that could be held liable under § 1983 were natural persons. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). However, the meaning of "person" for the purposes of § 1983 has been expanded to include recognized political corporate entities. *Id.* The decision of what entities are "persons" amenable to suit under § 1983 is to be made by referencing state law. *See Edwards v. Baer*, 863 F.2d 606, 609 (8th Cir. 1988). Under Arkansas law, unincorporated

3

associations do not have the capacity to sue or be sued absent an express grant of statutory authority. *Fausett & Co. v. Bogard*, 285 Ark. 124, 126, 685 S.W.2d 153, 155 (1985). However, the Court can find no Arkansas authority establishing a sheriff's department as an entity amenable to suit. Additionally, the Eighth Circuit has recognized sheriff's departments are not usually considered legal entities subject to suit. *See, e.g.*, *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 Fed. Appx. 436, 437 (8th Cir. 2001); *Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).

In the instant case, it is clear that the Miller County Sheriff's Department, by virtue of being a sheriff's department, is not a person or other entity subject to suit under § 1983 or the ACRA. Moreover, the Court finds that naming the Miller County Sheriff's Department as a party to this action is unnecessary and redundant because Plaintiff has sued Defendants Stovall and Grigsby in their official capacities and has named Miller County as a defendant in this case. Therefore, the Court finds that Plaintiff's claims against the Miller County Sheriff's Department should be dismissed.

## CONCLUSION

For the reasons above, Plaintiff has failed to state a claim against the Miller County Sheriff's Department. Accordingly, Defendants' Motion to Dismiss Party (ECF No. 6) should be and is hereby **GRANTED**. Plaintiff's claims against the Miller County Sheriff's Department are **DISMISSED WITHOUT PREDJUDICE**.

**IT IS SO ORDERED**, this 5th day of November, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge